UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER LYON,

                Plaintiff,

-against-

PARAMOUNT GLOBAL f/k/a VIACOMCBS INC., et al.,

                Defendants.

22-CV-9229 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Defendants move to compel Plaintiff to produce: (1) medical records related to her alleged emotional distress damages; (2) medical records related to her claim for disability benefits after her employment with Defendants ended; and (3) a revised damages calculation. *See* ECF No. 34. For the reasons stated here, Defendants' motion is DENIED.

    Defendants claim that they are entitled to Plaintiff's medical records related to her alleged emotional distress damages in this employment discrimination suit because Plaintiff has "placed her physical and mental health squarely at issue in this litigation." *Id*. at 1. To support this argument, Defendants point to the following: (1) the Complaint references that Defendants' allegedly discriminatory conduct "interfered with Plaintiff's physical health"; (2) Plaintiff claimed in a pre-litigation, internal complaint to Defendants' Human Resources department that she contacted a doctor about stress medication, has high blood pressure and is at risk of having another stroke as a result of Defendants' conduct; (3) in responses to the Pilot Discovery Protocols, Plaintiff stated that she is seeking "emotional damages due to becoming disabled as a result, all totaling $1,500,000"; and (4) in an interrogatory response she claimed that she experienced "one episode of chest pain from stress that sent her to the emergency room." *Id*. at 1–2. Although these allegations and this claim for damages would clearly entitle Defendants to

probe Plaintiff's medical records, Plaintiff has now decided to change course. She maintains she will now seek only garden variety emotional distress damages and "intends to testify generally about her emotional distress." *Id*. at 4.

Defendants nevertheless maintain they are entitled to these otherwise privileged records, claiming that Plaintiff cannot change course. That is not the case. As the Second Circuit has held, "a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting [her] psychotherapist-patient privilege." *In re Sims*, 534 F.3d 117, 134 (2d Cir. 2008). Similarly, in *Jacobs v. Conn. Cmty. Tech. Colleges*, the Court, relying on *Sims*, found that the plaintiff could protect privileged medical records even after claiming he received medical treatment as a result of the defendant's alleged conduct, if the plaintiff agreed to explicitly disavow any claim to non-garden variety emotional injury. 258 F.R.D. 192, 197 (D. Conn. 2009). The Court also made clear if the plaintiff were to do so, he would be precluded from offering any privileged information or evidence of a psychiatric condition in support of his claim. *Id.*

Here, Plaintiff has disavowed her non-garden variety emotional distress damages. In so doing, Plaintiff "need not provide medical corroboration for any alleged injury, nor can [she] be said to have put [her] entire physical and mental [health] at issue." *Misas v. N.-Shore Long Island Jewish Health Sys.*, No. 14-CV-8787 (ALC), 2016 WL 4082718, at *4 (S.D.N.Y. July 25, 2016).

Plaintiff's decision to only pursue garden variety emotional distress damages is not without consequence. It will impact both her recovery and what she can testify to at trial. As courts in this circuit recognize:

> Emotional distress awards within the Second Circuit can "generally be grouped into three categories of claims: 'garden-variety,' 'significant' and 'egregious.'" In "garden variety" emotional distress claims, "the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the

> severity or consequences of the injury." Such claims typically lack "extraordinary circumstances" and are not supported by any medical corroboration. "Garden variety" emotional distress claims "generally merit $30,000 to $125,000 awards."

*Mugavero v. Arms Acres, Inc.* 680 F. Supp. 2d 544, 578 (S.D.N.Y. 2010) (quoting *Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009)). Because Defendants will not have access to Plaintiff's medical records, at trial, Plaintiff will be bound by her representation that she will not testify beyond the garden variety emotional distress that might result from discrimination. *Shakerdge v. Tradition Fin. Servs., Inc.*, No. 16-CV-01940 (VAB), 2017 WL 4694167, at *5 (D. Conn. Oct. 19, 2017).

Defendants claim that they are entitled to a precise damages calculation of Plaintiff's garden variety emotional distress damages. Although Plaintiff is required to amend her disclosures and responses, pursuant to Fed. R. Civ. P. 26(e), to remove references to the more significant damages she was previously seeking, a theory of damages, but not a precise amount, is required. *See Cheng v. Guo*, No. 20-CV-5678 (KPF), 2022 WL 4237079, at *8–9 (S.D.N.Y. Sept. 13, 2022). Because of this, however, Plaintiff will not be permitted to suggest a specific figure to the jury at trial. *See id*. at 9.

Lastly, the parties dispute Defendants' entitlement to medical records related to Plaintiff's disability benefits she received after her employment was terminated. Because it appears the parties have not met and conferred about this issue, the Court directs the parties to do so and determine if an agreement can be reached.

The Clerk of Court is respectfully directed to terminate ECF No. 34.

Dated: October 12, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge