UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER LYON,

                Plaintiff,

-against-

PARAMOUNT GLOBAL f/k/a VIACOMCBS INC., et al.,

                Defendants.

22-CV-9229 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      The Court has reviewed the parties' joint letter at ECF No. 59 and the deposition transcripts submitted at ECF Nos. 61 and 62. Based on that review and the Court's prior ruling, the questions Plaintiff's counsel posed regarding the departments of the corporate defendants that were involved in the production are permissible. As such, counsel was permitted to ask the questions posed on the following lines of Ms. Washington's deposition transcript: 8:12–14, 15:2–4, 18:1–3, 20:19–21, 36:1–38:13 and of Mr. McElwain's deposition transcript: 12:13–15.

      The parties also disagree regarding lines 50:11–12 of Ms. Washington's transcript, in which Plaintiff's counsel asked whether the company "followed up" on allegations of a toxic work environment and retaliation. This question falls under Topic G of the notice, which the Court did not strike, but instead left open the question of the discoverability of an internal investigation. The Court has since ruled on that issue (Apr. 17, 2024 Status Conference), concluding that the attorney-conducted internal investigations at issue in this case are privileged. However, the issue of whether an investigation was conducted at all (setting aside what occurred during that investigation), or even more generally whether an allegation was followed up on, is not privileged. As such, the deponent should have been permitted to answer this question.

Counsel for Defendants also objected and directed the witness not to answer several questions that appear responsive to Topic H of Plaintiff's 30(b)(6) notice. These are on lines 26:2–27:17 of Ms. Washington's deposition as well as lines 11:22–24, 17:21–23, and 24:20–25:1 of Mr. McElwain's deposition. This topic is one in which the parties were ordered to confer and reach agreement. Although the Court is unaware of any agreement reached, these questions appear relevant, and narrowly tailored. The Court will therefore direct responses to these questions.

Lastly, in Ms. DeFreitas's portion of the 30(b)(6) deposition, counsel's question on page 20:17–24 was consistent with the portion of Topic I that the Court permitted.

All other objections presented in the transcripts are sustained.

The parties are directed to meet and confer regarding an efficient means of obtaining responses to the questions above.

Dated: June 27, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge